## TOMLINSON & COLLINS *vs.* JAMES J. HOYT.

Where the record exhibits a plea in the proper place for it without stating when it was filed, the presumption of law is that it was filed in proper time.

This presumption is not rebutted by a judgment by default given by the court in the same case.

It is not necessary that a plea of non assumpsit should follow the literal form; it is sufficient if the substance be there.

The following return, on a *capias ad respondendum*, is insufficient and no evidence of service, to wit: "executed on Wiley V. Collins by leaving a copy at his residence on a table in the porch, he not being found at home, May 4th, 1842."

THIS case is brought by writ of error from Claiborne county.

The declaration is in assumpsit upon a draft drawn by John Tomlinson upon Pierson & Co., and indorsed by W. V. Collins.

The return upon the writ of *capias ad respondendum* as to Collins, is in the following words:

"Executed on Wiley V. Collins by leaving a copy at his residence on a table in the porch, he not being found at home, May 4th, 1842.

"GEORGE H. EVANS, Sheriff.

"By J. BURNETT, D. S."

The defendant, Pierson, appeared and plead by attorney.

The defendants, Tomlinson & Collins, in the language of the record "filed their plea in these words, to wit:

"John Tomlinson and W. V. Collins in their one proper person, comes and defends the wrong and injury done, and say that they did not promise and agree as set forth in plaintiffs' declaration, and put themselves on the country.

"JOHN TOMLINSON.

"W. V. COLLINS."

The suit is then dismissed as to Pierson, and judgment by

default taken against Tomlinson & Collins; whereupon they bring the cause here for revision.

*John B. Coleman,* for plaintiffs in error.

It is only necessary in this case, to call the attention of the court to the fact, that the plaintiff took his judgment by default against Tomlinson & Collins in the face of their plea of non assumpsit.

That this is error, for which the judgment must be set aside, is too clear to require argument, or reference to authority.

*Thrasher,* for defendant in error.

The record presents but one question in this case for the consideration of the court, to wit: was the plea of the defendants filed before the court gave judgment by default? We certainly do know that the plea had not been filed when the judgment was taken; and yet the only legitimate evidence of that fact before the court, is perhaps the record itself, which we think abundantly proves that the judgment was rendered before the plea was filed.

It is true that the clerk states in the record which he has sent into this court, that the defendants, "Tomlinson & Collins, filed their plea in these words, to wit." But when did they file it? The clerk does not inform us. Where, and in what court did they file it? The clerk is equally silent on this point; and leaves the conclusion irresistible; that it was a loose scrap found among the papers for the first time, when the writ of error was sued out, and about which he did not intend to commit himself. Hence the want of a citation, which would have lead to a detection in time to expose the device.

We have, however, the evidence of the court in its solemn judgment upon record, to prove that there was no plea filed when the judgment was rendered. The language of the court is in the following words, to wit: "and the other defendants, although warned to come into court, and plead answer, or demur to this action, made default, thereupon it is considered by the court," &c. This we consider positive evidence, and of

a higher grade than the loose expressions of the clerk relative to the plea, which does not constitute any part of the record; at least the same is not record evidence, that the plea was filed before the judgment was rendered.

But the evidence of the court is from the minutes kept by a sworn officer, and read over and signed by the judge to attest their truth. If this entry contains the truth, then there was no plea on file when the judgment was rendered. The papers were before the clerk when he entered the judgment, acting under oath. If the plea was filed before the judgment was rendered, then the clerk has made a false entry, and the judge has signed a false record.. It will not do to treat the minutes and judgments by a court of record with so little respect. The minutes and judgment of the court, are certainly higher evidence to prove that there was no plea, than the *dictum* of the clerk, that "defendants, Tomlinson & Collins, filed their plea in these words," without showing at what time they filed it—in what court they filed it—or anything else connecting it with the case before the judgment was rendered.

The weight of evidence is in favor of the judgment. In the first place, it was the duty, as well as the interest of the plaintiffs' attorney, to see that there was no plea, before taking the judgment, and it is not probable that he did overlook so very important a matter. Second, it was the duty of the clerk to examine the papers, and not to enter up judgment if a plea was in; and lastly, it was incumbent upon the court to be satisfied that there was no plea, before judgment by default was rendered. These facts, in connection with the entry on the minutes, establish the weight of evidence in favor of the judgment by default as legally rendered.

*Irving* v. *Montgomery*, 3 Howard, 191, and *Purvis* v. *Forbes*, 5 Howard, 518, were cases of judgment by default, but cases in which pleas had been filed before the judgments were rendered; but the record in both cases proved the fact, and say the court, in 5 Howard, 519, "The record not only places the plea in the place which it should occupy, but also shows that it was pleaded on the first Monday of May, which was the first day of the term."

Mr. Justice THACHER delivered the opinion of the court.

This case comes into this court by writ of error to the circuit court of Claiborne county.

The plaintiffs in error hold that a judgment by default was taken against them irregularly, because their plea was well and duly filed to the action.   The defendant in error insists that no plea in behalf of said plaintiffs existed of record at the date of said judgment, and that the judgment by default was therefore rightly taken.

Whatever circumstances or facts, bearing upon the case, may exist without the record, this court cannot inquire.   The face of the record alone presents the features of the case to us.

It appears that the suit was instituted at the May term, A. D. 1842, of the circuit court for Claiborne county, by James J. Hoyt, the defendant in error, against the said plaintiffs in error, Tomlinson & Collins, and one Pierson.   The judgment by default, sought to be reversed, was taken at the same term.

The record, after setting forth the declaration, *capias ad respondendum,* &c., proceeds to declare that " the defendants, Tomlinson & Collins, filed their plea in these words," and then follows what is designed to be their joint plea *in propriis personis* of non assumpsit.   The matter of this plea, however defenceless to criticism its language may be, is yet a sufficient answer to the plaintiffs' cause of action, and required some disposition to be made of it.   Appearing in the record, and in its proper and appropriate place in the record, although the plea does not itself state the style of the suit, it must necessarily be taken as a plea in this action; and, for the same reasons, although the precise period of its being filed does not appear in the statement of the plea, the presumption is equally irresistible that it was duly filed in point of time.   Whether the plea be or not a false entry of the record, is not our inquiry now; or, being filed, had it been bad or irregular, from causes not now shown of record, such defects should have been cared for in a way to have met the eye of this court.   In the case of *Irving* et al. v. *Montgomery,* 3 How. R. 191, the principle, as bearing upon this latter point, was already decided and settled in this State.

Tomlinson & Collins *v.* Hoyt.

It is further contended that, because the record subsequently sets forth that the defendants below, Tomlinson & Collins, "although warned to come into court and plead, answer or demur to this action, made default," and judgment was taken against them therefor, it is evidence of the absence of a plea to this action by those parties. This position is entirely irreconcilable with the record. The plea is the act of those defendants, and appears of record, but the judgment, based upon the supposed want of that plea, is the act of the court, and is the ground of complaint of error. We must believe that the court below overlooked the plea rather than that the record is false embracing that plea.

There remains another point, not made by counsel, which claims notice.

The service of the writ upon the defendant, Collins, is not sufficient to warrant the judgment below by default. The return is "executed on Wiley V. Collins, by leaving a copy at his residence, on a table in the porch, he not being found at home, May 4th, 1842." The law requires personal notice when the defendant can be found. And if the defendant cannot be found, service of the writ will be sufficient by leaving "a copy thereof with the wife of the defendant, or some free white person above the age of sixteen years, then and there being one of the family of the defendant, and found at his usual place of abode, or by leaving a copy thereof at some public place at his dwelling house or other place of residence of such defendant, he being from home and no such free white person being found there willing to receive the same. Vide, How. & Hutch. 583, § 27. The return in this case is insufficient and bad, however good the service might have been. The return of "copy left at some public place at defendant's dwelling house," unless accompanied by a statement of the unwillingness of such free white person as above described to receive it, if any such person were then and there present, is incomplete and insufficient, as a service, and without obedience to those statutory requisitions, would be illegal. Elaborate reasons for this opinion are rendered un-

necessary by a former decision of this court in the case of *Smith* v. *Cohea*, 3 How. R. 35.

As the judgment below in this case is joint against the plaintiffs in error, a reversal for the last mentioned cause of error as to one, must include both these parties.

For the reasons examined in this opinion, judgment below must be reversed, and the cause remanded.